UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:13-CR-994 |
| | § | |
| CARLOS GONZALEZ-AGUIRRE | § | |

## ORDER

Before the Court are two pro se motions filed by Defendant Carlos Gonzalez-Aguirre, styled as a motion for Disqualification of a Federal Judge (D.E. 24) and a motion to Dismiss Indictment for Abuse of Power of the Presiding Judge and Prosecutorial Misconduct (D.E. 29). The Court considers these motions together and, for the reasons stated below, these motions are DENIED.

### I.  Hybrid Representation is Not Permitted

Gonzalez-Aguirre is presently represented by counsel, the Federal Public Defender. *See* Notice of Attorney Appearance, entered 3/12/2014.  Recently, the Federal Public Defender filed an ex parte motion for Leave to Withdraw as Gonzalez-Aguirre's counsel because, in a conversation with the Public Defender, Gonzalez-Aguirre alleged ineffective assistance of counsel, which the Public Defender believes puts it in conflict with Gonzalez-Aguirre.  (D.E. 30 at 1 (filed under seal)).  The Court has not yet ruled on this motion, however, and it was filed on March 20, 2014.  Gonzalez-Aguirre's motions considered here were filed on March 17 and March 19, respectively.  In short, Gonzalez-Aguirre is, at this point, represented by counsel and, also, was represented by counsel when he filed these pro se motions.

Although a criminal defendant has a constitutional right to the assistance of counsel, and a related right to waive assistance of counsel, a criminal defendant has no constitutional right to "hybrid representation" "partly by counsel and partly by himself." *Neal v. Texas*, 870 F.2d 312, 315-16 (5th Cir. 1989) (citing *United States v. Daniels*, 572 F.2d 535, 540 (5th Cir. 1978)); *accord Myers v. Johnson*, 76 F.3d 1330, 1335 (5th Cir. 1996); *United States v. Presley*, 405 F. App'x 563, 570 (5th Cir. 2011) (unpublished opinion); *United States v. Ogbonna*, 184 F.3d 447, 449, 499 n.1 (5th Cir. 1999); *United States v. Stamper*, 539 F. App'x 408 (5th Cir. 2013) (unpublished opinion) *cert. denied*, 134 S.Ct. 959 (2014) ("As Stamper continues to be represented by counsel, he does not have the right to hybrid representation or simultaneous representation by himself and counsel."); *Martinez v. Dretke*, 426 F.Supp. 2d 403, 543 (W.D. Tex. 2006); *see also* 5th Cir. R. 28.6 ("Unless specifically directed by court order, pro se motions, briefs or correspondence will not be filed if the party is represented by counsel."); *but see Hayes v. Hawes*, 921 F.2d 100, 101-02 (7th Cir. 1990) ("Although there is no Sixth Amendment right to file a pro se brief when the appellant is represented by counsel, nothing precludes an appellate court from accepting the pro se brief and considering the arguments contained therein for whatever they may be worth.").

As Gonzalez-Aguirre has been and continues to be represented by counsel, his motions are unauthorized.

### II. Motions Lack Evidentiary Basis

Despite the problem of hybrid representation, the Court has considered Gonzalez-Aguirre's motions, and they are herein denied because they fail to cite any evidence to support them.

Pro se motions are liberally construed, and held to less stringent standards than those drafted by trained lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *United States v. Hay*, 702 F.2d 572 (5th Cir. 1983). But, pro se litigants are still required to marshal facts to support their claims; "conclusory allegations are insufficient." *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993); *see also Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition").

Gonzalez-Aguirre has moved the Court to disqualify itself pursuant to 28 U.S.C. § 144 (Bias or prejudice of judge), or, alternatively, to avoid the appearance of bias or partiality pursuant to U.S.C. § 455(a).[1]  In short, Gonzalez argues that the Court is either actually biased or partial, or it presents the appearance of being so.  Gonzalez's stated reasons for this motion is that he questions the Court's impartiality due to his race, nationality, and because he has re-entered the country.  (D.E. 24 at 2-3).  Gonzalez also expressed concerns that the Court will be biased against him by virtue of this motion itself.  (*Id.* at 3).

Section 144 requires that a party making this motion must file a "timely *and sufficient* affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144 (emphasis added).

> When a party files a § 144 motion, the judge must pass on the sufficiency of the affidavit, but may not pass on the truth of the affidavit's allegations.  A legally sufficient affidavit must:  (1) state material facts with particularity; (2) state facts that, if true, would convince a reasonable person that a bias exists; and (3) state facts that show the bias is personal, as opposed to judicial, in nature.

*Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 483 (5th Cir. 2003) (internal citations omitted); *see also Netsphere, Inc. v. Baron*, 703 F.3d 296, 315 (5th Cir. 2012) (citing *Patterson*).

In addition,

---

[1] Gonzales does not cite this provision, but he does make reference to the appearance of fairness. (D.E. 24 at 4).

> Under either statute, the alleged bias must be 'personal', as distinguished from judicial, in nature … Thus, a motion for disqualification ordinarily may not be predicated on the judge's rulings in the instant case or in related cases, nor on a demonstrated tendency to rule any particular way, nor on a particular judicial leaning or attitude derived from his experience on the bench.

*Manley v. Invesco*, 2014 WL 457757 (5th Cir. Feb. 5, 2014) (unpublished) (citing *United States v. Grinnell Corp.,* 384 U.S. 563, 583 (1966); *Phillips v. Joint Legislative Comm.,* 637 F.2d 1014, 1020 (5th Cir.1981)).  Along similar lines, the Supreme Court has applied the "extrajudicial source rule" in interpreting § 455, stating:

> judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves (*i.e.,* apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required (as discussed below) when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal.

*Liteky v. United States*, 510 U.S. 540, 555 (1994).  In other words, to prevail under § 455(a), Gonzalez would almost assuredly have to refer to evidence of the Court's bias separate and independent from its rulings in either this case or in similar cases that involved illegal re-entry. As noted above, Gonzalez has provided no particular evidence of bias against him or those of his race, nationality, or those accused or convicted of illegal re-entry, either from judicial or extrajudicial sources.

The standard for evaluating a § 455 argument is whether "a reasonable and objective person, knowing all of the facts, would harbor doubts concerning the judge's impartiality." *Patterson*, 335 F.3d at 484 (citing *In re Chevron U.S. A., Inc.,* 121 F.3d 163, 165 (5th Cir.1997)). Unlike § 144, which addresses actual bias, the goal of § 455(a) is to "avoid even the appearance of partiality." *Id.* (citing *Liljeberg v. Health Servs. Acquisition Corp.,* 486 U.S. 847, 860, (1988)).  Although the evidentiary demands of § 455(a) are less explicit than § 144's, there is no way a defendant can satisfy this burden without some showing of facts that would satisfy this

objective standard.  The Fifth Circuit has described the "hurdles" of a § 455 motion in this way: "[Movants] must (1) demonstrate that the alleged comment, action, or circumstance was of 'extrajudicial' origin, (2) place the offending event into the context of the entire trial, and (3) do so by an 'objective' observer's standard."  *Andrade v. Chojnacki*, 338 F.3d 448, 455 (5th Cir. 2003); *see generally id.* (discussing general principles of judicial recusal and interpretation of § 455).

Without reference to specific comments, circumstances, and so forth, these hurdles cannot be overcome.  Gonzalez-Aguirre's motion to Dismiss Indictment for Abuse of Power of the Presiding Judge and Prosecutorial Misconduct suffers from similar defects.  It contains requests for leniency and explanations for his actions that are more appropriately reserved for sentencing. (D.E. 29 at 1-2).  It contains no mention whatsoever of behavior on the part of the Government's attorneys, i.e., of prosecutorial misconduct, and only conclusory statements regarding the Court's misconduct.  *See* (*id.* at 2).  As noted above, some specific reference to the record is required for a defendant to prevail on these motions.

SIGNED and ORDERED this 21st day of March, 2014.

_____
Janis Graham Jack
Senior United States District Judge